UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTONIO DOUGHTY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-04470-JMS-DLP |
| JODY DUGGER Sup., Aramark, et al. | ) ) ) |
| Defendants. | ) |

**Entry Granting Summary Judgment and Directing Final Judgment**

Plaintiff Antonio Doughty was an Indiana prisoner who was at all relevant times confined at Plainfield Correctional Facility ("Plainfield"). The Court screened his complaint pursuant to 28 U.S.C. § 1915A and determined that Equal Protection claims, a retaliation claim, and a Title VII claim could proceed against various defendants. The defendants have moved for summary judgment on their affirmative defense that Mr. Doughty failed to exhaust his administrative remedies. Mr. Doughty did not respond to the defendants' motion, and the time to do so has passed.

For the reasons explained below, the defendants' unopposed motion for summary judgment is granted, and Mr. Doughty's claims are dismissed without prejudice.

**I.
Background**

At all times relevant to this action, Mr. Doughty was an inmate at Plainfield. He alleges that the defendants racially discriminated against him while at his job as an inmate kitchen worker. Based on these allegations, the Court permitted certain Equal Protection, retaliation, and Title VII claims to proceed against the defendants.

The defendants move for summary judgment. They argue that these claims are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in federal court. The time for Mr. Doughty to respond to the defendants' motion for summary judgment has passed, and he has failed to respond or file anything with the Court. This leaves the defendants' motion for summary judgment unopposed.

The consequence of Mr. Doughty's failure is that he has conceded the defendants' version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Accordingly, the following facts, unopposed by Mr. Doughty and supported by admissible evidence, are accepted as true:

The Indiana Department of Correction ("IDOC") has an Offender Grievance Process through which inmates can grieve issues related to their conditions of confinement, such as those in Mr. Doughty's complaint. Inmates are made aware of the Offender Grievance Process during orientation and a copy of it is also available at various locations in the prison, including the law library.

The Offender Grievance Process consists of four stages. First, an inmate must attempt to resolve the grievance informally through officials at the facility by contacting staff to discuss the incident subject to the grievance. Second, if the inmate is unable to obtain a resolution of the grievance informally, he may submit a formal grievance to the designated staff person. Third, if the formal grievance is not resolved in a manner that satisfies the inmate, the inmate may file a grievance appeal to the Warden or other appointed designee. Fourth, if the initial appeal is denied, the inmate can appeal once more to the Department Grievance Manager. The Offender Grievance Process is complete once the inmate has timely completed all of these steps.

Richard Marks is the Grievance Specialist at Plainfield and reviewed the records relating to grievances filed by Mr. Doughty. The grievance records for Mr. Doughty reflect that he never filed any grievance while at Plainfield. He therefore failed to complete any of the four steps of the Offender Grievance Process.

## II.
## Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under

section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that Mr. Doughty failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

### III.
### Discussion

The undisputed facts demonstrate that the defendants have met their burden of proving that Mr. Doughty "had available [administrative] remedies that he did not utilize." *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). Given his wholesale failure to respond, Mr. Doughty has not identified a genuine issue of material fact supported by admissible evidence that counters the facts offered by the defendants. One of these facts is that Plainfield had an administrative remedy

process in place through which Mr. Doughty could have raised the issues raised in his Complaint.

Mr. Doughty did not complete any of the steps of the Offender Grievance Process. Therefore, the undisputed evidence shows that Mr. Doughty did not exhaust his administrative remedies. *See Woodford*, 548 U.S. at 90. The consequence of Mr. Doughty's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV.
## Conclusion

For the reasons explained above, the defendants' motions for summary judgment, dkt. [30], is **granted**. Mr. Doughty's claims against them are **dismissed without prejudice** for failure to exhaust. Final judgment shall issue accordingly.

**IT IS SO ORDERED.**

Date: 8/7/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANTONIO DOUGHTY
226639
Allen County Jail
417 S. Calhoun St.
Fort Wayne, IN 46802

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com